## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | |
|---|---|
| SHIRLEY A. KUBICZ, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) |
| | ) Case No. |
| DONALD WELLS and WHITELINE EXPRESS, | ) FILED: JUNE 25, 2008 |
| LTD., | ) 08CV3622 |
| | ) JUDGE ZAGEL |
| Defendants. | ) MAGISTRATE JUDGE NOLAN |
| | ) |
| | ) |
| | ) PH |

## DEFENDANTS', WHITELINE EXPRESS, LTD.
## AND DONALD WELLS, NOTICE OF REMOVAL

Defendants, WHITELINE EXPRESS, LTD. and DONALD WELLS, by their attorneys, Patton & Ryan LLC, pursuant to 28 USC 1446(a) present this Notice of Removal based upon 28 USC 1332 and 28 USC 1441, and state as follows:

1.    This cause of action was commenced on May 30, 2008, and is currently pending in the Circuit Court of Cook County, Illinois, Law Division, under Court Number 2008 L 005893. Plaintiff's Complaint at Law is attached hereto as "Exhibit A."

2.    Plaintiff's cause is a civil action for damages alleging negligence on the part of the defendants arising from a motor vehicle accident which occurred on April 25, 2008.

3.    The aforementioned action is one in which the United States District Court is given original jurisdiction by reason of the complete diversity of citizenship of the parties.

4.    Upon information and belief, the amount in controversy in this action, exclusive of interest and costs, exceeds $75,000.00.

5.    Upon information and belief, at the time of the filing of this cause of action and presently, plaintiff Shirley Kubicz is a citizen of the state of Illinois.

6.    At the time of the filing of the cause of action and presently, defendant, WHITELINE EXPRESS, LTD., is incorporated in the state of Delaware and has its principal place of business in the state of Michigan. Thus, pursuant to 28 USC 1332(c)(1), defendant WHITELINE EXPRESS, LTD., is deemed a citizen of the state of Delaware and of the state of Michigan.

7.    At the time of the filing of the cause of action, defendant, DONALD WELLS, was a citizen of the state of Michigan.

8.    Defendants will promptly file a copy of this original notice with the clerk of the state court where the action has been pending.

9.    All pleadings, process, orders and other filings in the state court action are attached to this notice as required by 28 USC 1446(a).

10.    Venue is proper in this district under 28 USC 1446(a), because this district and division embrace the place where the removed action has been pending.

11.    Defendants, WHITELINE EXPRESS, LTD. and DONALD WELLS, make a jury demand.

WHEREFORE, for the foregoing reasons, Defendants WHITELINE EXPRESS, LTD. and DONALD WELLS, respectfully petition this Court to remove the above-entitled action from the Circuit Court of Cook County, Illinois, to the United States District Court for the Northern District of Illinois, Eastern Division, based upon diversity of citizenship.

WHITELINE EXPRESS, LTD. and
DONALD WELLS


By:_____/s John W. Patton, Jr._____
            One of the attorneys for Defendants


John W. Patton, Jr.
Richard W. Schumacher
Patton & Ryan LLC
330 North Wabash Avenue, Suite 2900
Chicago, Illinois 60611
(312) 261-5160


## CERTIFICATE OF SERVICE

The undersigned certifies that he/she served the above and foregoing NOTICE OF

REMOVAL on all parties of record herein by depositing true and accurate copies of the same in

the United States Mail box located at 330 North Wabash Avenue, Chicago, Illinois, 60611, with

proper postage pre-paid addressed to:

> Michael J. Goldberg
> WHITING LAW GROUP, LTD.
> One East Wacker Drive, Suite 2300
> Chicago, IL 60601

on the ____ day of June, 2008, before the hour of 5:00 p.m.


_s/ John W. Patton, Jr._

08CV3622
JUDGE ZAGEL
MAGISTRATE JUDGE NOLAN

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT, LAW DIVISION

SHIRLEY A. KUBICZ,                    )
                                      )
           Plaintiff,                 )
                                      )
    v.                                )    No.:        PH
                                      )
DONALD WELLS and                      )    PLAINTIFFS DEMAND
WHITELINE EXPRESS, LTD.,              )    JURY BY TWELVE
                                      )
           Defendants.                )

2008L005893
CALENDAR/ROOM B
TIME 00:00
PI Motor Vehicle

2008 MAY 30 AM 9:13

## COMPLAINT AT LAW

NOW COMES the Plaintiff, SHIRLEY A. KUBICZ, by and through her attorneys,

WHITING LAW GROUP, LTD., and for her Complaint at Law against Defendants, DONALD

WELLS and WHITELINE EXPRESS, LTD. (hereinafter referred to as "WHITELINE

EXPRESS"), state as follows:

### COUNT I
### (SHIRLEY A. KUBICZ v. DONALD WELLS)

1.      That on or about April 25, 2008, Defendant, DONALD WELLS, operated,

managed, controlled and maintained a certain motor vehicle which he was then and there driving

in a generally northbound direction on Interstate 94 at or near the intersection of Cermak Avenue

in the City of Chicago, County of Cook, State of Illinois.

2.      That at the aforesaid time and place, Plaintiff, SHIRLEY A. KUBICZ, was a

pedestrian and was in the exercise of ordinary care and caution for her own safety and property

when she was standing in and around a Chicago Transit Authority station located at 138 West

Cermak Road in the City of Chicago, County of Cook, State of Illinois.

3.      That all times material hereto, it was the duty of the Defendant, DONALD

WELLS, to operate his motor vehicle with the ordinary care for the safety of the person and

property of others then and there upon and around said station.

4.    That notwithstanding the aforesaid duty as alleged in the preceding paragraph, Defendant, DONALD WELLS, then and there carelessly and negligently did, or failed to do, one or more of the following acts:

    a.    Operated, maintained and controlled a tractor/trailer in a negligent manner;

    b.    Operated, maintained, controlled and drove a tractor/trailer into a collision with Plaintiff, SHIRLEY KUBICZ;

    c.    Failed to give audible warning of the approach of said motor vehicle with the horn thereof, although such warning was reasonably necessary to ensure safe operation of said vehicle in violation of 625 ILCS 5/12-601(a) and 5/11-1003.1;

    d.    Operated said motor vehicle at a speed which was greater than was reasonable and proper with regard to traffic conditions and which endangered the safety of the person and property of others, contrary to and in violation of 625 ILCS 5/11-601(a);

    e.    Failed to decrease speed of said motor vehicle as was necessary to avoid colliding with the Plaintiff in compliance with the legal requirements and the duty of all persons to use the care, contrary to and in violation of 625 ILCS 5/11-601(a);

    f.    Failed to stop or apply the brakes of a tractor/trailer so as to avoid striking Plaintiff, SHIRLEY KUBICZ, a pedestrian, in violation of 625 ILCS 5/11-601;

    g.    Carelessly and negligently failed to yield the right-of-way to a pedestrian, in particular to the Plaintiff, SHIRLEY KUBICZ;

    h.    Failed to observe and obey the traffic control light in violation of 625 ILCS 5/11-904;

    i.    Operated a tractor/trailer without keeping a sufficient lookout; and

    j.    Was otherwise negligent and/or careless in the operation of the vehicle upon said roadway.

5.    That as a direct and proximate result of the aforesaid careless and negligent acts and/or omissions of the Defendant, DONALD WELLS, the motor vehicle operated by the Defendant lost control, traveled across Cermak Avenue, struck the Chicago Transit Authority station where passengers and bystanders from the elevated train were standing and walking, and collided with the Plaintiff, SHIRLEY A. KUBICZ, at or near the location alleged above.

6.    That as a direct and proximate result of the aforesaid careless and negligent acts and/or omissions of the Defendant, DONALD WELLS the Plaintiff, SHIRLEY A. KUBICZ, was caused to suffer temporary and permanent disabling injuries to her head, body, and limbs by reason of which, the Plaintiff, SHIRLEY A. KUBICZ, has expended and incurred obligations for medical expenses and care and will in the future expend and incur such further obligation; Plaintiff has been and will be prevented from attending to her usual affairs of duties and has lost and will continue to lose wages from missed time at work which she otherwise would have made and acquired.

WHEREFORE, the Plaintiff, SHIRLEY A. KUBICZ, respectfully requests that the Honorable Court enter judgment against the Defendant, DONALD WELLS, in the sum of FIFTY THOUSAND DOLLARS OR greater ($50,000.00), together with costs associated with the prosecution of her lawsuit.

**COUNT II**
**(SHIRLEY A. KUBICZ v. WHITELINE EXPRESS)**

1.    That on or about April 25, 2008, Defendant, DONALD WELLS, operated, managed, controlled and maintained a certain motor vehicle which he was then and there driving in a generally northbound direction on Interstate 94 at or near the intersection of Cermak Avenue in the City of Chicago, County of Cook, State of Illinois.

2.    That at the aforesaid time and place, Defendant, DONALD WELLS, operated said motor vehicle as, and in the capacity of, agent, servant, and/or employee of the Defendant, WHITELINE EXPRESS.

3.    That at the aforesaid time and place, Plaintiff, SHIRLEY A. KUBICZ, was a pedestrian and was in the exercise of ordinary care and caution for her own safety and property when she was standing/walking in and around a Chicago Transit Authority station located at 138 West Cermak Road in the City of Chicago, County of Cook, State of Illinois.

3

4.      That all times material hereto, it was the duty of the Defendants, DONALD WELLS and WHITELINE EXPRESS, to operate their motor vehicle with the ordinary care for the safety of the person and property of others then and there upon and around said station.

5.      That notwithstanding the aforesaid duty as alleged in the preceding paragraph, Defendants then and there carelessly and negligently did, or failed to do, one or more of the following acts:

a.      Operated, maintained and controlled a tractor/trailer in a negligent manner;

b.      Operated, maintained, controlled and drove a tractor/trailer into a collision with Plaintiff, SHIRLEY KUBICZ;

c.      Failed to give audible warning of the approach of said motor vehicle with the horn thereof, although such warning was reasonably necessary to ensure safe operation of said vehicle in violation of 625 ILCS 5/12-601(a) and 5/11-1003.1;

d.      Operated said motor vehicle at a speed which was greater than was reasonable and proper with regard to traffic conditions and which endangered the safety of the person and property of others, contrary to and in violation of 625 ILCS 5/11-601(a);

e.      Failed to decrease speed of said motor vehicle as was necessary to avoid colliding with the Plaintiff in compliance with the legal requirements and the duty of all persons to use the care, contrary to and in violation of 625 ILCS 5/11-601(a);

f.      Failed to stop or apply the brakes of a tractor/trailer so as to avoid striking Plaintiff, SHIRLEY KUBICZ, a pedestrian, in violation of 625 ILCS 5/11-601;

g.      Carelessly and negligently failed to yield the right-of-way to a pedestrian, in particular to the Plaintiff, SHIRLEY KUBICZ;

h.      Failed to observe and obey the traffic control light in violation of 625 ILCS 5/11-904;

i.      Operated a tractor/trailer without keeping a sufficient lookout; and

j.      Was otherwise negligent and/or careless in the operation of the vehicle upon said roadway.

6.      That as a direct and proximate result of the aforesaid careless and negligent acts and/or omissions of the Defendants, the motor vehicle owned by Defendant, WHITELINE EXPRESS, and operated by Defendant, DONALD WELLS while he was acting within the

4

course of employment with Defendant, WHITELINE EXPRESS, lost control, traveled across Cermak Avenue, struck the Chicago Transit Authority station where passengers and bystanders from the elevated train were standing and walking, and collided with the Plaintiff, SHIRLEY A. KUBICZ, at or near the location alleged above.

7.      That as a direct and proximate result of the aforesaid careless and negligent acts and/or omissions of the Defendants, the Plaintiff, SHIRLEY A. KUBICZ, was caused to suffer temporary and permanent disabling injuries to her head, body, and limbs by reason of which, the Plaintiff, SHIRLEY A. KUBICZ, has expended and incurred obligations for medical expenses and care and will in the future expend and incur such further obligation; Plaintiff has been and will be prevented from attending to her usual affairs of duties and has lost and will continue to lose wages from missed time at work which she otherwise would have made and acquired.

WHEREFORE, the Plaintiff, SHIRLEY A. KUBICZ, respectfully requests that the Honorable Court enter judgment against the Defendant, WHITELINE EXPRESS, in the sum of FIFTY THOUSAND DOLLARS OR greater ($50,000.00), together with costs associated with the prosecution of her lawsuit.

Respectfully submitted,

WHITING LAW GROUP, LTD.

Michael J. Goldberg,
One of the Attorneys for Plaintiff,
SHIRLEY A. KUBICZ

WHITING LAW GROUP, LTD.
One East Wacker Drive
Suite 2300
Chicago, IL 60601
(312) 372-1655
Firm I.D. 37395