IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| SHIRLEY A. KUBICZ,<br><br>        Plaintiff,<br><br>vs.<br><br>DONALD WELLS and WHITELINE EXPRESS, LTD.,<br><br>        Defendants. | )<br>)<br>)<br>)<br>)<br>)  Case No.<br>)  FILED: JUNE 25, 2008<br>)  08CV3622<br>)  JUDGE ZAGEL<br>)  MAGISTRATE JUDGE NOLAN<br>)<br>)<br>)  PH<br>) |

### DEFENDANTS', WHITELINE EXPRESS, LTD. AND DONALD WELLS, ANSWER TO PLAINTIFF'S COMPLAINT AT LAW

Defendants, WHITELINE EXPRESS, LTD. and DONALD WELLS, by their attorneys, Patton & Ryan LLC, answer Plaintiff's Complaint as follows:

### COUNT I

1.    That on or about April 25, 2008, Defendant, DONALD WELLS, operated, managed, controlled and maintained a certain motor vehicle which he was then and there driving in a generally northbound direction on Interstate 94 at or near the intersection of Cermak Avenue in the City of Chicago, County of Cook, State of Illinois.

**ANSWER:**    Defendants deny the allegations in Paragraph 1.

2.    That at the aforesaid time and place, Plaintiff, SHIRLEY A. KUBICZ, was a pedestrian and was in the exercise of ordinary care and caution for her own safety and property when she was standing in and around a Chicago Transit Authority station located at 138 West Cermak Road in the City of Chicago, County of Cook, State of Illinois.

**ANSWER:**    Defendants have insufficient knowledge to form a belief as to the truth of the allegations in Paragraph 2.

3. That all times material hereto, it was the duty of the Defendant, DONALD WELLS, to operate his motor vehicle with the ordinary care for the safety of the person and property of others then and there upon and around said station.

**ANSWER:** Defendants admit to only those duties imposed by law and state that Plaintiff's characterization of Defendant's duty is inaccurate and/or incomplete.

4. That notwithstanding the aforesaid duty as alleged in the preceding paragraph, Defendant, DONALD WELLS, then and there carelessly and negligently did, or failed to do, one or more of the following acts:

   a. Operated, maintained and controlled a tractor/trailer in a negligent manner;

   b. Operated, maintained, controlled and drove a tractor/trailer into a collision with Plaintiff, SHIRLEY KUBICZ;

   c. Failed to give audible warning of the approach of said motor vehicle with the horn thereof, although such warning was reasonably necessary to ensure safe operation of said vehicle in violation of 625 ILCS 5/12-601(a) and 5/11-1003.1;

   d. Operated said motor vehicle at a speed which was greater than was reasonable and proper with regard to traffic conditions and which endangered the safety of the person and property of others, contrary to and in violation of 625 ILCS 5/11-601(a);

   e. Failed to decrease speed of said motor vehicle as was necessary to avoid colliding with the Plaintiff in compliance with the legal requirements and the duty of all persons to use the care, contrary to and in violation of 625 ILCS 5/11-601(a);

   f. Failed to stop or apply the brakes of a tractor/trailer so as to avoid striking Plaintiff, SHIRLEY KUBICZ, a pedestrian, in violation of 625 ILCS 5/11-601;

   g. Carelessly and negligently failed to yield the right-of-way to a pedestrian, in particular to the Plaintiff, SHIRLEY KUBICZ;

   h. Failed to observe and obey the traffic control light in violation of 625 ILCS 5/11-904;

   i. Operated a tractor/trailer without keeping a sufficient lookout; and

   j. Was otherwise negligent and/or careless in the operation of the vehicle upon said roadway.

**ANSWER:** Defendants deny each and every allegation of Paragraph 4, including

subparagraphs (a) through (j).

5. That as a direct and proximate result of the aforesaid careless and negligent acts and/or omissions of the Defendant, DONALD WELLS, the motor vehicle operated by the Defendant lost control, traveled across Cermak Avenue, struck the Chicago Transit Authority station where passengers and bystanders from the elevated train were standing and walking, and collided with the Plaintiff, SHIRLEY A. KUBICZ, at or near the location alleged above.

**ANSWER:** Defendants deny the allegations of Paragraph 5.

6. That as a direct and proximate result of the aforesaid careless and negligent acts and/or omissions of the Defendant, DONALD WELLS the Plaintiff, SHIRLEY A. KUBICZ, was caused to suffer temporary and permanent disabling injuries to her head, body, and limbs by reason of which, the Plaintiff, SHIRLEY A. KUBICZ, has expended and incurred obligations for medical expenses and care and will in the future expend and incur such further obligation; Plaintiff has been and will be prevented from attending to her usual affairs of duties and has lost and will continue to lose wages from missed time at work which she otherwise would have made and acquired.

**ANSWER:** Defendants deny the allegations of Paragraph 6.

WHEREFORE, Defendants deny Plaintiffs is entitled to judgment on Count I, pray judgment be entered in their favor and against Plaintiff and demand trial by jury on Count I.

### COUNT II

1. That on or about April 25, 2008, Defendant, DONALD WELLS, operated, managed, controlled and maintained a certain motor vehicle which he was then and there driving in a generally northbound direction on Interstate 94 at or near the intersection of Cermak Avenue in the City of Chicago, County of Cook, State of Illinois.

**ANSWER:** Defendants admit that Donald Wells operated a motor vehicle on April 25, 2008 on Interstate 94 but deny all other allegations of Paragraph 1.

2. That at the aforesaid time and place, Defendant, DONALD WELLS, operated said motor vehicle as, and in the capacity of, agent, servant, and/or employee of the Defendant, WHITELINE EXPRESS.

**ANSWER:** Defendants admit that while Donald Wells was operating said motor vehicle, he did so in the course and scope of employment with Whiteline Express, Ltd.; Defendants deny the remainder of the allegations in Paragraph 2.

3. That at the aforesaid time and place, Plaintiff, SHIRLEY A. KUBICZ, was a pedestrian and was in the exercise of ordinary care and caution for her own safety and property when she was standing/walking in and around a Chicago Transit Authority station located at 138 West Cermak Road in the City of Chicago, County of Cook, State of Illinois.

**ANSWER:** Defendants have insufficient knowledge to form a belief as to the truth of the allegations in Paragraph 3.

4. That all times material hereto, it was the duty of the Defendants, DONALD WELLS and WHITELINE EXPRESS, to operate their motor vehicle with the ordinary care for the safety of the person and property of others then and there upon and around said station.

**ANSWER:** Defendants admit to only those duties imposed by law and state that Plaintiff's characterization of Defendants' duty is inaccurate and/or incomplete.

5. That notwithstanding the aforesaid duty as alleged in the preceding paragraph, Defendants then and there carelessly and negligently did, or failed to do, one or more of the following acts:

   a. Operated, maintained and controlled a tractor/trailer in a negligent manner;

   b. Operated, maintained, controlled and drove a tractor/trailer into a collision with Plaintiff, SHIRLEY KUBICZ;

4

c. Failed to give audible warning of the approach of said motor vehicle with the horn thereof, although such warning was reasonably necessary to ensure safe operation of said vehicle in violation of 625 ILCS 5/12-601(a) and 5/11-1003.1;

d. Operated said motor vehicle at a speed which was greater than was reasonable and proper with regard to traffic conditions and which endangered the safety of the person and property of others, contrary to and in violation of 625 ILCS 5/11-601(a);

e. Failed to decrease speed of said motor vehicle as was necessary to avoid colliding with the Plaintiff in compliance with the legal requirements and the duty of all persons to use the care, contrary to and in violation of 625 ILCS 5/11-601(a);

f. Failed to stop or apply the brakes of a tractor/trailer so as to avoid striking Plaintiff, SHIRLEY KUBICZ, a pedestrian, in violation of 625 ILCS 5/11-601;

g. Carelessly and negligently failed to yield the right-of-way to a pedestrian, in particular to the Plaintiff, SHIRLEY KUBICZ;

h. Failed to observe and obey the traffic control light in violation of 625 ILCS 5/11-904;

i. Operated a tractor/trailer without keeping a sufficient lookout; and

j. Was otherwise negligent and/or careless in the operation of the vehicle upon said roadway.

**ANSWER:** Defendants deny each and every allegation of Paragraph 5, including subparagraphs (a) through (j).

6. That as a direct and proximate result of the aforesaid careless and negligent acts and/or omissions of the Defendants, the motor vehicle owned by Defendant, WHITELINE EXPRESS, and operated by Defendant, DONALD WELLS while he was acting within the course of employment with Defendant, WHITELINE EXPRESS, lost control, traveled across Cermak Avenue, struck the Chicago Transit Authority station where passengers and bystanders from the elevated train were standing and walking, and collided with the Plaintiff, SHIRLEY A. KUBICZ, at or near the location alleged above.

**ANSWER:** Defendants deny the allegations of Paragraph 6.

7. That as a direct and proximate result of the aforesaid careless and negligent acts and/or omissions of the Defendants, the Plaintiff, SHIRLEY A. KUBICZ, was caused to suffer temporary and permanent disabling injuries to her head, body, and limbs by reason of which, the Plaintiff, SHIRLEY A. KUBICZ, has expended and incurred obligations for medical expenses and care and will in the future expend and incur such further obligation; Plaintiff has been and will be prevented from attending to her usual affairs of duties and has lost and will continue to lose wages from missed time at work which she otherwise would have made and acquired.

**ANSWER:** Defendants deny the allegations of Paragraph 7.

WHEREFORE, Defendants deny Plaintiff is entitled to judgment on Count II, pray judgment be entered in their favor and against Plaintiff and demand trial by jury on Count II.

## AFFIRMATIVE DEFENSES

1. For further answer and affirmative defense, Defendants state that the above-referenced collision was caused by an unforeseeable sudden illness or act of God, which rendered Defendant Donald Wells incapable of controlling his vehicle.

2. For further answer and affirmative defense, Defendants state that the above-referenced collision was caused by the sudden and unforeseeable mechanical failure of the aforesaid tractor-trailer's brakes.

WHITELINE EXPRESS, LTD. and
DONALD WELLS

By: _____/s John W. Patton, Jr._____
One of the attorneys for Defendants

John W. Patton, Jr.
Richard W. Schumacher
Patton & Ryan LLC
330 North Wabash Avenue, Suite 2900
Chicago, Illinois 60611
(312) 261-5160